Opinion filed May 23, 2013



In The

# Eleventh Court of Appeals

————

## No. 11-11-00154-CR

————

## FELIPE HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 10-6963**

## MEMORANDUM OPINION

The jury convicted Felipe Hernandez of the state jail felony offense of evading arrest. The jury assessed Appellant's punishment at confinement for one year and a $1,000 fine. The trial court sentenced Appellant accordingly. We affirm.

## The Charged Offense

A person commits the offense of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting to arrest or detain him.  TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2012).  In this case, the indictment alleged that, on or about November 30, 2009, Appellant "did then and there while using a vehicle, intentionally flee from Gerardo Ornelas, a person the said [Appellant] knew was a peace officer who was attempting lawfully to arrest and detain the said [Appellant]."

## Issue on Appeal

In his sole issue, Appellant challenges the sufficiency of the evidence to support his conviction.

## Sufficiency of the Evidence

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd).  Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  In conducting a sufficiency review, we are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony.  *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks*, 323 S.W.3d at 899.

On November 30, 2009, Lamesa Police Officer Gerardo Ornelas was on duty as a patrol officer.  He was in a marked patrol car that was equipped with a DVD recorder.  Officer Ornelas had the recorder turned on while he worked his

shift. At about 11:30 p.m., Officer Ornelas traveled west on South 8th Street. Officer Ornelas testified that he first observed Appellant as Appellant traveled east in the 1600 block of South 8th Street. The speed limit in that area was thirty miles per hour. Officer Ornelas said that his radar equipment showed that Appellant was driving thirty-seven miles per hour. The DVD recorder in Officer Ornelas's patrol car recorded the incident that involved Appellant. The recording contained video but not audio. The DVD of the incident was admitted into evidence.

Officer Ornelas decided to stop Appellant for speeding. As is shown in the DVD of the incident, Officer Ornelas activated his emergency lights when Appellant passed by the patrol car. Officer Ornelas turned his patrol car around and followed Appellant. Appellant did not stop his vehicle. As Appellant approached South Bryan, he turned on his right turn signal, stopped at the stop sign, and then turned south onto South Bryan. Officer Ornelas continued to follow Appellant. Officer Ornelas testified that, as he passed Forest Park on South Bryan, he activated his sirens. Appellant still did not stop his vehicle. Officer Ornelas radioed his sergeant to inform him that he was in pursuit of a driver who would not stop. Officer Ornelas testified that Appellant sped up his vehicle to sixty miles per hour and, later, to sixty-five miles per hour as the posted speed limits increased to those speeds.

Dawson County Deputy Sheriff Michael Holder responded to Officer Ornelas's call for assistance. Deputy Holder testified that he went to South Bryan. When he arrived there, Officer Ornelas's patrol car and Appellant's vehicle were south of his location. Deputy Holder said that Officer Ornelas's lights and sirens were on. Deputy Holder said that he activated his emergency lights and sirens. He followed the vehicles and sped up to catch them.

Officer Ornelas testified that Appellant slowed down to take the south "Y," where South Bryan curves into Highway 349, which goes to Midland.

Deputy Holder passed Officer Ornelas and Appellant and then drove in front of Appellant. Deputy Holder slowed his vehicle down, and in response, Appellant slowed down. Officer Ornelas testified that he and Deputy Holder were able to "box [Appellant] in" as the road curved into FM 2052. Appellant pulled his vehicle over and stopped.

The DVD shows that Officer Ornelas pursued Appellant for about three minutes before Appellant stopped. Officer Ornelas's emergency lights were turned on the entire time that he followed Appellant. The DVD also shows that, during most of the pursuit, Officer Ornelas's patrol car was in close proximity to Appellant's vehicle. The DVD further shows that no vehicles were in between Appellant's vehicle and Officer Ornelas's patrol car.

After Appellant stopped, the officers went to Appellant's driver's side door. Officer Ornelas testified that he and Deputy Holder commanded Appellant to get out of his vehicle but he would not. The officers pulled Appellant out of the vehicle, put him on the ground, and handcuffed him. The officers did not find any weapons, drugs, or alcohol in Appellant's possession. Appellant did not have any active warrants.

According to Officer Ornelas, Appellant said that he knew the patrol car was behind his vehicle. Officer Ornelas testified that he asked Appellant why he did not stop his vehicle and that, in response, Appellant said that "[he] didn't think anything of it." Appellant also told Officer Ornelas that he was going to Midland.

Appellant testified that, on the night in question, he was at his mom's house in Lamesa and then left her house to go to Midland to see his cousins. Appellant said that he drove on South 8th Street toward Bryan Avenue. He said that he did not see any officers or patrol car lights as he traveled on South 8th Street. Appellant testified that he first saw patrol car lights when he got to the stop sign at the end of South 8th Street. He said that he turned right from South 8th Street onto

Bryan Avenue. Appellant testified that, at that time, the officer turned on the "loud horn." Appellant said that he did not believe that he had done anything wrong. He said that the officer was way behind him. Appellant testified that he believed the officer was making a service call. Appellant said that he did not intentionally flee from any officer and that he would have stopped had he known that Officer Ornelas was trying to stop him.

Appellant testified that he passed the "Y" before he saw the deputy. Appellant said that he knew he was being stopped when the deputy slowed down in front of him. He said that he started to stop his vehicle as soon as he saw the deputy's brake lights because he did not want to hit the deputy's vehicle. Appellant said that he turned on his signal light and stopped.

The DVD was consistent with Officer Ornelas's testimony. The evidence showed that, in the darkness of night, Officer Ornelas followed Appellant for about three minutes with his flashing emergency lights activated. Officer Ornelas's sirens were on during much of his pursuit of Appellant. However, Appellant did not stop his vehicle until the officers boxed him in on the highway. Appellant testified that he did not intentionally flee from the officers. As the sole judge of the credibility of the witnesses, the jury was free to disbelieve Appellant's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant intentionally fled from a person he knew was a peace officer attempting to arrest or to detain him. Therefore, the evidence is sufficient to support Appellant's conviction. Appellant's sole appellate issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

May 23, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.